Criminal law ⊫1131(5)—Appeal dismissed on appellant's escape pending appeal.

Under Vernon's Ann. Code Cr. Proc. 1916, art. 912, an appeal will be dismissed on appellant's escape from custody without recapture pending appeal.

Appeal from Criminal District Court, Bowie County; P. A. Turner, Judge.

Cal Green was convicted of selling intoxicating liquor, and he appeals. Appeal dismissed.

Keeney & Dalby, of Texarkana, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.   Conviction is for selling intoxicating liquor. Punishment was assessed at confinement in the penitentiary for three years.

It is made to appear by proper affidavit that appellant, who was held in custody by the sheriff of Bowie county, Tex., pending the appeal of this case, escaped therefrom on the 9th day of March, 1922, and still remains at large.

The appeal is therefore dismissed under the provisions of article 912, Vernon's C. C. P.

## BAUCHMAN v. STATE.   (No. 6839.)

(Court of Criminal Appeals of Texas.   March 15, 1922.)

1. Criminal law ⊫15—Prosecution dismissed upon repeal of portion of statute under which prosecution was brought.

Prosecution will be dismissed upon repeal of that portion of the statute under which defendant was prosecuted.

2. Intoxicating liquors ⊫202 — Indictment charging possession of liquor must allege purpose of sale.

Indictment charging possession of intoxicating liquor without alleging the possession to have been for the purpose of sale held insufficient in view of Acts 36th Leg. (1919) 1st and 2d Called Sess. c. 78, as amended by Acts 37th Leg. (1921) 1st and 2d Called Sess. c. 61.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Roy Bauchman was convicted of possessing intoxicating liquor, and he appeals. Judgment reversed, and prosecution dismissed.

W. A. Williams, of Paducah, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.   Conviction was for the possession of intoxicating liquor. The prosecution arose under the state-wide prohibition law (Acts 36th Leg. [1919] 1st and 2d Called Sess. c. 78) prior to the amendment thereof by the Thirty-Seventh Legislature (Acts 37th Leg. [1921] 1st and 2d Called Sess. c. 61), which in effect repealed that portion of the law under which the prosecution proceeded. The indictment alleges the possession of intoxicating liquor not for medicinal,

mechanical, scientific, or sacramental purposes, while under the amendment it is not unlawful to possess liquor unless for the purpose of sale.

[1, 2] Under many cases decided by the court since the amendment it becomes necessary to reverse the judgment of the trial court and order the prosecution dismissed under the present indictment.